IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kiril Zahariev, | Civil Action No. 9:24-00326-RMG-MGB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| North Island Baptist Church, | |
| Defendant. | |

Plaintiff, proceeding *pro se*, originally filed this action on January 22, 2024. (Dkt. No. 1.) In his original complaint, Plaintiff alleged that Defendant violated 17 U.S.C. § 1101, which prohibits the unauthorized fixation and trafficking of sound recordings and music videos. (*Id*.) On March 5, 2024, Plaintiff filed an Amended Complaint adding claims for alienage discrimination, hostile work environment, and retaliation/constructive discharge under 42 U.S.C. § 1981, as well as a state law outrage claim. (Dkt. No. 22.)

On April 26, 2024, Plaintiff filed a Motion for Preliminary Injunction seeking to forbid Defendant from "copying and [distributing] [Plaintiff's] live piano performances." (Dkt. No. 47.) This Motion for Preliminary Injunction (Dkt. No. 47) is now before the Court. Pursuant to 28 U.S.C. §636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge. For the reasons set forth in greater detail below, the undersigned **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 47) be **DENIED**.

## LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand

1

it." *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

To obtain a preliminary injunction, the requesting party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

This case arises from Plaintiff's tenure as Defendant's pianist. (*See generally* Dkt. No. 22.) According to the Amended Complaint, Plaintiff is "a professional pianist and laureate of international piano competitions," who began working for Defendant in 2001. (*Id.*) Plaintiff claims that Defendant underpaid him and criticized him throughout his "23 years of faithful service." (*Id.*) Plaintiff further claims that Defendant recorded him playing piano on various occasions without his consent. (*Id.*) According to Plaintiff, Defendant "broadcasted the recording(s) on its 'Live Stream' page and Facebook." (*Id.*) Plaintiff asserts that Defendant violated his rights under 17 U.S.C. § 1101 because "[e]ach of the Infringing Videos has been transmitted or otherwise

2

communicated to the public, for example, because they had been uploaded to YouTube and Facebook, where they were publicly available." (*Id.*) Plaintiff now seeks a preliminary injunction to prevent Defendant from "continu[ing] to stream vignettes containing audio tracks from Plaintiff's piano performances and continu[ing] to use the pianist's image as an advertising material on its webpage . . . ." (Dkt. No. 47 at 2.)

Upon careful review, the undersigned finds no basis on which to grant Plaintiff's request. Plaintiff has failed to make the required showing under *Winter* and the undersigned therefore **RECOMMENDS** that his Motion for Preliminary Injunction (Dkt. No. 47) be **DENIED**.

First, Plaintiff has failed to show that he will succeed on the merits. As noted, Plaintiff alleges that Defendant violated 17 U.S.C. § 1101,[1] which states:

> Anyone who, without the consent of the performer or performers involved—
> 
> **(1)** fixes the sounds or sounds and images of a live musical performance in a copy or phonorecord, or reproduces copies or phonorecords of such a performance from an unauthorized fixation, [or]
> 
> **(2)** transmits or otherwise communicates to the public the sounds or sounds and images of a live musical performance, . . .
> 
> shall be subject to the remedies provided in sections 502 through 505, to the same extent as an infringer of copyright.

Thus, Plaintiff must make a "clear showing" that he did not consent to Defendant recording his performances and/or to Defendant posting any such recordings on the internet. *Winter*, 555 U.S. at 21 (2008).

---

[1] To the extent Plaintiff attempts to allege additional copyright infringement claims in his motion and/or his reply to Defendant's response to his motion, he may not do so. *See, e.g.*, *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006) (declining to consider issue first raised in reply brief); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs" (internal citations omitted)); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (explaining that "an argument raised for the first time in a reply brief or memorandum will not be considered"). If he wishes to raise additional claims, he must file a further amended complaint with the Court.

3

Defendant claims that Plaintiff cannot make this showing, and the undersigned agrees. (*See generally* Dkt. No. 65.) In support of its response to Plaintiff's motion, Defendant has provided a declaration from Reverend Charles Kessler which indicates that Plaintiff consented to Defendant recording his performances and publishing those recordings. (*See generally* Dkt. No. 65-1.) Though Plaintiff contests this evidence, the undersigned cannot conclude that Plaintiff has demonstrated a likelihood of success on his 17 U.S.C. § 1101 claim based on the record before the Court at this early stage of litigation. (*See, e.g.*, Dkt. Nos. 47, 47-1, 65, 65-1, 69.) Rather, the evidence in the record at this time presents at least a disputed question of fact as to whether Defendant recorded Plaintiff and/or posted recordings of Plaintiff without his consent. (*See, e.g.*, Dkt. Nos. 47, 47-1, 65, 65-1, 69); *see also Price v. City of Fayetteville*, No. 5:13-cv-150-FL, 2013 WL 1751391, at *4 (E.D.N.C. Apr. 23, 2013) ("'On an application for preliminary injunction, the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact,' and '[a]s a prerequisite to the issuance of an interlocutory injunction, . . . [t]here must be no disputed issues of fact'") (citation omitted)).

Plaintiff has likewise failed to show that he will suffer irreparable harm if the Court does not grant his motion. To satisfy the second *Winter* factor, Plaintiff must show more than the mere "possibility" of being irreparably harmed; rather, he must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *See Winter*, 555 U.S. at 21 (emphasis in original). Here, Plaintiff provides only speculation regarding his potential to suffer irreparable harm, claiming that he stands to lose profits from a "new CD release" and "reduce[d] value of live concert footage in business transactions [he] intends to make in the future" because his performances are already available for free on the internet. (Dkt. No. 69 at 10–11, 15.) The undersigned finds this argument unconvincing. Indeed, Plaintiff has provided no evidence that a "new CD release" or future live

concert footage is actually forthcoming, nor that his sales from any such releases are likely to be impacted by the audio and video recordings at issue. (*See generally id*.); *see also Virginia Carolina Tools, Inc. v. Int'l Tool Supply, Inc.,* 984 F.2d 113, 120 (4th Cir. 1993) (affirming finding that "expenses incurred in relocation, injury to reputation, loss of profits" and other "highly speculative and largely economic injuries" were not irreparable harm).

To the extent Plaintiff claims that he stands to suffer harm to his reputation in the absence of a preliminary injunction, Plaintiff has similarly provided no evidence to support this argument, even though it is his burden to do so. *See id.*; *see also Paired Pay, Inc. v. ClearObject, Inc.*, No. 2:22-cv-1013-RMG, 2022 WL 2128610, at *2 (D.S.C. June 13, 2022) ("Further, as to harm to its 'reputation and goodwill,' . . . Plaintiff has provided the Court no evidence supporting this argument, despite it being Plaintiff's burden to do as much for each factor."). Plaintiff's contentions that he will suffer "loss of control" over and "loss of credit" for his work are also insufficient to demonstrate irreparable harm. (Dkt. No. 47 at 12–14.) The evidence before the Court at this time presents a disputed question of fact as to whether the audio and video recordings at issue were made in the course of Plaintiff's regular duties as an employee of Defendant, which could mean that the recordings belong to Defendant, not Plaintiff. (*Id*. at 9.) Thus, the undersigned cannot conclude that Plaintiff is likely to suffer irreparable harm in the form of "loss of control" over and "loss of credit" for recordings that may not belong to him. *See Winter*, 555 U.S. at 21.

Although failing to satisfy the first two elements of the test for a preliminary injunction provide sufficient grounds to deny Plaintiff's motion, the undersigned further notes that the balance of hardships and public interest considerations also do not favor Plaintiff. As noted, Plaintiff has failed to show a clear likelihood of success on the merits of his 17 U.S.C. § 1101 claim, as at this early stage of the litigation there are questions of fact that must be resolved.

Accordingly, granting a preliminary injunction would not be equitable in this instance. *See Hanger, Inc. v. Original Bending Brace, LLC*, No. 2:16-cv-01519-DCN, 2017 WL 562498, at *8 (D.S.C. Feb. 13, 2017) ("[B]ecause several outstanding issues need to be resolved prior to any party being able to succeed on the merits in this case, the court finds that a preliminary injunction is not equitable here."). Additionally, Plaintiff has not shown that an injunction is in the public interest. (*See generally* Dkt. No. 65.) In fact, Plaintiff's attempt to protect his personal interest in sharing his live performances has little impact on the general public. (*Id*.)

What is more, Defendant correctly notes that Plaintiff seeks to change the status quo in this instance by asking the Court to direct Defendant to remove audio and video recordings of Plaintiff which are already in use.[2] Under the circumstances present in this case, Plaintiff cannot meet his burden of showing that such "mandatory injunctive" relief is justified, especially given that the facts here do not present "the most extraordinary [of] circumstances." *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 466 (D.S.C. 2020) (noting that "mandatory" injunctions, namely injunctions which alter the status quo by requiring the non-movant to do something, are "warranted only in the most extraordinary circumstances").

In sum, Plaintiff has failed to demonstrate that a preliminary injunction is warranted under the *Winter* factors, and the record before the Court does not depict circumstances that clearly demand the extraordinary remedy of preliminary injunctive relief. *See Centro Tepeyac*, 722 F.3d at 188. The undersigned therefore **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 47) be **DENIED**.

---

[2] The undersigned notes that Defendant has stopped using recordings of Plaintiff's performances in its new content, so Plaintiff has already obtained much of the relief he requested. (*See generally* Dkt. No. 47; *see also* Dkt. No. 65 at 11.)

## **CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 47) be **DENIED**.

**IT IS SO RECOMMENDED**.

May 23, 2024
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).