IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kiril Zahariev,<br><br>        Plaintiff,<br>  v.<br><br>North Island Baptist Church,<br><br>        Defendant. | Case No. 9:24-cv-00326-RMG-MGB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation (R&R) of the Magistrate Judge, recommending that the Court deny Plaintiff's motion for a preliminary injunction. (Dkt. No. 71). Plaintiff objected to the R&R (Dkt. No. 88), and Defendant replied (Dkt. No. 93). For the reasons set forth below, the Court adopts the Report and Recommendation as the order of the Court and denies Plaintiff's motion for a preliminary injunction. (Dkt. No. 47).

    **I.**    **Background**

Plaintiff, a professional concert pianist, moves to enjoin Defendant North Island Baptist Church (NIBC) from recording and streaming Plaintiff's piano performances. (Dkt. No. 47 at 1-2). Plaintiff claims that Defendant has published "at least eleven (11) NIBC vignettes featuring Zahariev's live performances" without his permission in violation of copyright laws, most recently on April 21, 2024. (*Id.* at 5). Defendant argues that Plaintiff consented to Defendant's recording and streaming of his piano performances, and that Defendant is the "rightful owner" of the recordings. (Dkt. No. 65 at 8, 11).

Upon review of the record, the Magistrate Judge found "no basis on which to grant Plaintiff's request" for a preliminary injunction in light of his failure to demonstrate a likelihood of success on his copyright claim and failure to show that he will suffer irreparable harm in the

1

absence of an injunction. (Dkt. No. 71 at 3-4). The Magistrate Judge also determined that the balance of hardships and public interest did not favor Plaintiff. (*Id.* at 5-6). Upon consideration of Plaintiff's objections to the R&R and Defendant's reply, the Court adopts the R&R in its entirety.

## II. Legal Standard

### A. Preliminary Injunction

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). Plaintiff bears the burden of showing that each factor supports his request for preliminary injunction. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). Irreparable injury must be both imminent and likely; speculation about potential future injuries is insufficient. *Winter*, 555 U.S. at 22. A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made,

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### III.    Discussion

Plaintiff objects to the R&R's determination that he failed to demonstrate both a likelihood of success on the merits and a showing of irreparable harm, but fails to object to the R&R's finding as to his failure to satisfy the other two *Winter* factors regarding the balance of equities and public interest. *See Winter*, 555 U.S. at 20. As a result, the Court adopts the R&R's finding that Plaintiff failed to carry his burden as to those two factors, which itself is fatal to Plaintiff's motion given

3

that all four *Winter* factors must be satisfied to obtain the relief requested. *Id.* The Court nonetheless briefly addresses the factors raised vby Plaintiff in his objections.

Plaintiff also complains of alleged procedural deficiencies with the R&R. Plaintiff's objections that the Magistrate Judge erred by declining to resolve this matter are non-specific and meritless in light of the disputed factual issues in this case, and the Court overrules Plaintiff's third and fourth objections on this basis. (*See* Dkt. No. 88 at 6-8)

### A. Fed. R. Civ. P. 52

Fed. R. Civ. P. 52(a)(2) requires a court to "state the findings and conclusions that support its action" in ruling on an interlocutory injunction. Plaintiff contends that the R&R did not comply with Fed. R. Civ. P. 52 by "fail[ing] to make full and complete particularized findings of fact and conclusions of law as required by Fed. R. Civ. 52(a)." (Dkt. No. 88 at 3). For example, Plaintiff claims the R&R did not address his "novel theory" regarding the Copyright Act, admitting that he raised this argument for the first time in his motion but declaring that the Magistrate Judge must consider this argument because he is a pro se litigant. (*Id.*).

The Court flatly rejects Plaintiff's contention that the R&R does not comply with Fed. R. Civ. P. 52. The Magistrate Judge "state[d] the findings and conclusions that support[ed]" the denial of Plaintiff's motion in detail, and nowhere does the Rule require a judge to explain each deficiency of a litigant's arguments in denying relief on a claim. The R&R ably considered the evidence foreclosing a grant of relief to Plaintiff at this stage of the litigation, as the Rule requires. Plaintiff's objection is overruled.

### B. *Winter* Factors

First, Plaintiff objects that the Magistrate Judge did not conduct an evidentiary hearing to assess the credibility of Reverend Charles Kessler. (Dkt. No. 88 at 4). Fed. R. Civ. P. 65 "does

4

not require an evidentiary hearing[,]" so long as "'the party opposing the preliminary injunction [has] a fair opportunity to oppose the application and to prepare for such opposition.'" *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 466 (D.S.C. 2020) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 433 (1974)). Here, the Court need not hold an evidentiary hearing where "the documentary evidence presented to [the district court] by both sides [is] sufficient to . . . enable the court to decide whether an injunction should issue." *Id.* (quoting *Drywall Tapers & Pointers of Greater New York, Loc. 1974 v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada*, 537 F.2d 669, 674 (2d Cir. 1976)). The very fact that the credibility of the Reverend is disputed was one of the factors that counseled against the Magistrate Judge's finding in favor of Plaintiff on the first *Winter* factor, which requires a "clear showing" that Plaintiff is "likely to succeed on the merits." *Winter*, 555 U.S. at 20, 22; *see also* Dkt. No. 71 at 4 ("[The] evidence in the record at this time presents at least a disputed question of fact as to whether Defendant recorded Plaintiff and/or posted recordings of Plaintiff without his consent."). The Court overrules Plaintiff's objection on the first *Winter* factor.

Second, Plaintiff objects to the R&R's finding that he failed to show a risk of irreparable harm if a preliminary injunction was not granted. The R&R reasoned that Plaintiff "provide[d] only speculation regarding his potential to suffer irreparable harm, claiming that he stands to lose profits from a 'new CD release' and 'reduce[d] value of live concert footage in business transactions [he] intends to make in the future' because his performances are already available for free on the internet." (Dkt. No. 71 at 4 (citing Dkt. No. 69 at 10-11, 15)). The Court agrees with the R&R's determination that Plaintiff's alleged harm is speculative, and declines to apply the "extraordinary remedy" of injunctive relief on this basis.

## IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 71) as the Order of the Court. Plaintiff's motion for preliminary injunction (Dkt. No. 47) is **DENIED.**

**AND IT IS SO ORDERED.**

    s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

June 27, 2024
Charleston, South Carolina